UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| **DESIGNLINE CORPORATION,** *et al.* | ) Case No. 13-31943 |
|  | ) Jointly Administered |
| Debtors. | ) |
|  | ) |

### OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE EX PARTE MOTION TO ALLOW THE CREDITORS' COMMITTEE TO ACT PENDING POTENTIAL REORGANIZATION AND RECOMMENDATION OF ORDER APPOINTING CREDITORS' COMMITTEE

The Official Committee of Unsecured Creditors (the "Committee"), by and through its undersigned proposed counsel, Benesch Friedlander Coplan & Aronoff LLP and Moon, Wright & Houston, PLLC, hereby objects to the Ex Parte Motion to Allow the Creditors' Committee to Act Pending Potential Reorganization and Recommendation of Order Appointing Creditors' Committee filed by the United States Bankruptcy Administrator for the Western District of North Carolina (the "Ex Parte Motion"), and in support thereof states as follows:

### BACKGROUND

1. On August 15, 2013, each of the Debtors filed a voluntary petition for relief in the United States Bankruptcy Court for the District of Delaware under chapter 11 of the Bankruptcy Code. The Debtors operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On August 27, 2013, the Committee was appointed in these cases by the Office of the United States Trustee. The Committee consists of the following five (5) members: (i) Princess Cathcart & Frank Thompson; (ii) Cameron Harris; (iii) The Punaro Group LLC; (iv)

Carnes-Miller Gear Co., Inc.; and (v) TriMark Corporation. On August 27, 2013, subsequent to the Committee formation meeting, the Committee met and selected BFC&A as its counsel.

3. On September 4, 2013, the Honorable Mary F. Walrath, United States Bankruptcy Judge for the District of Delaware, entered an Order Granting Motion of Cameron Harris to Transfer Venue of these Cases to the United States Bankruptcy Court for the Western District of North Carolina, Charlotte Division. Also on September 4, 2013, the Committee selected Moon Wright & Houston, PLLC ("MWH") as its co-counsel.

4. On September 9, 2013, these bankruptcy cases were transferred to this Court.

5. On the evening of September 10, 2013, the undersigned received notice from the United States Bankruptcy Administrator for the Western District of North Carolina (the "BA") of her ex parte intention to resolicit and potentially reconstitute the official committee of unsecured creditors.

6. The BA was immediately notified in writing of the Committee' objection ("Objection") to the Ex Parte Motion.

7. On September 11, 2013, the BA filed her Ex Parte Motion and simultaneously resolicited the top twenty creditors in these bankruptcy cases – the same parties which were previously solicited by the Office of the United States Trustee for the District of Delaware, five of whom are members of the existing creditors committee or otherwise participated in the formation meeting in Wilmington, Delaware. Upon information and belief, there has been no request made to the BA by any party-in-interest to reconstitute the Committee.

8. The Committee objects to the BA's re-solicitation and potential reconstitution of the Committee, both procedurally and substantively.

9.     First, the BA cannot alter the composition of the Committee without notice and a hearing. *See* 11 U.S.C. § 1102(a)(4). There has been neither adequate notice nor an opportunity to be heard with respect to this matter.

10.    Second, in order to alter the structure of a Committee, the BA must show that the existing Committee does not "adequately represent" its constituents. *See* 11 U.S.C. § 1102(a)(4). The BA has made no such showing.

## **OBJECTION**

11.    The BA's ex parte actions are procedurally improper. Rule 2020 of the Federal Rules of Bankruptcy Procedure provides that "[a] proceeding to contest any act or failure to act by the United States trustee is governed by Rule 9014."

12.    The United States trustee's authority to reconstitute committee appointments after they have been made is subject to the Court's power to override such decisions under Section 1102(a)(4) of the Bankruptcy Code. Alan M. Resnick, *Collier on Bankruptcy*, Vol. 7 ¶1102.05[1] (16th Ed. 2012). Section 1102 of the bankruptcy code specifically provides the grounds on which the Committee can be reconstituted:

> On request of a party in interest and after notice and a hearing, the court may order the United States trustee to change the membership of a committee appointed under this subjection, if the court determines that the change is necessary to ensure adequate representation of creditors or equity security holders.

11 U.S.C. § 1102(a)(4). "The plan language of the statute, in other words, calls for an independent determination of whether a change in committee composition is necessary; it does not give the bankruptcy court an appellate function or a role akin to administrative review." *In re Shorebank Corp.*, 467 B.R. 156, 162 (Bankr. N.D. Ill. 2012).

13.    Here, there has not been sufficient notice to the Committee or an opportunity for the Committee to be heard with respect to the BA's decision. Accordingly, Section 1102 of the

Bankruptcy and Rule 9014 governing contested matters has not been satisfied. The BA today sent notices out to the top twenty creditors in these cases, five of whom currently sit on the Committee, which is represented by Counsel. Such actions run afoul of the Bankruptcy Code's and the Bankruptcy Rule's requirements that the Committee structure cannot be altered without notice and an opportunity for a hearing.

14. More importantly, the BA cannot meet the standard for reconstituting the Committee. Before the Committee's structure may be altered, the Bankruptcy Code requires the Court to find that a change in the Committee's membership is necessary to ensure adequate representations of the creditors. Notably, the BA makes no such allegation in her motion. 11 U.S.C. § 1102(a)(4). That standard has not been met.

15. The fact that venue has changed does not alter the above analysis. Where there is a change in venue, courts typically apply the law from the original forum in an effort to maintain a consistent substantive law despite the transfer of venue.. *Temporaries, Inc. v. Maryland Nat. Bank*, 626 F.Supp. 1025, 1027 (D. Md. 1986) (citing *Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); *Barnes Group, Inc. v. C & C Products, Inc.,* 716 F.2d 1023 (4th Cir.1983)). *See also Highland Financial Corporation*, 216 B.R. 109, 113 n.3 (Bankr. S.D.N.Y. 1997) (holding that a transferee court must apply traditional principals of law of the case to the rulings of the transferor court). Here, the Committee was duly appointed, formed and not challenged while the case was pending in Delaware. The BA has not met her burden of proof that the current Committee does not adequately represent the creditor constituent.

16. Accordingly, the Committee objects to the BA's motion.

WHEREFORE, the Committee respectfully requests that the Court enter an Order denying the BA's motion.

Dated: Charlotte, North Carolina
September 11, 2013

        MOON WRIGHT & HOUSTON, PLLC

By:  */s/ Travis W. Moon*
Travis W. Moon (Bar No. 3067)
227 W. Trade Street, Suite 1800
Charlotte, North Carolina 28202
Telephone: (704) 944-6560
*Proposed Co-Counsel for the Official Committee Unsecured Creditors*

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

*/s/ Michael J. Barrie*
Michael J. Barrie, Esquire
222 Delaware Avenue, Suite 801
Wilmington, DE 19801
302-442-7010  telephone
302-442-7012  facsimile
mbarrie@beneschlaw.com
*Proposed Counsel to the Official Committee of Unsecured Creditors*