FILED & JUDGMENT ENTERED
Steven T. Salata

Sep 12 2013

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

US BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

In re:                              )
                                    )    Case No. 13-31943 (Lead Case)
   DesignLine Corporation          )    Chapter 11
                                    )
   DesignLine USA, LLC             )    Case No. 13-31944
                                    )    Chapter 11
            Debtors.          )
                                    )    Jointly Administered
                                    )

### ORDER DENYING MOTION FOR SPECIAL ADMISSION

**THIS MATTER** is before the court on the Motion for Special Admission Pursuant to Local Rule 2090-2(b)(2) ("Motion") filed by Jeffrey C. Wisler of Connolly Gallagher LLP on September 10, 2013. The Motion for Special Admission was filed in conjunction with a Motion for Relief from Stay ("Motion for Relief"). The Bankruptcy Administrator filed an Objection to Motion for Special Admission Pursuant to Local Rule 2090-2(b)(2) ("Objection") on September 11, 2013.

The Motion requests that the court admit Mr. Wisler, an attorney licensed in Delaware and New Jersey, to the bar of this district without requiring the association of local counsel. Generally, out-of-district attorneys appear in this court pursuant to pro hac vice admission with the association of local counsel. *See* Local Rule 2090-2(b)(1). This district's Local Rules, however, also provide for special admission without local counsel

in cases "where the amount in controversy or the importance of the case do not appear to justify double employment of counsel." Local Rule 2090-2(b)(2). The Local Rules provide that special admission "will be the exception and not the rule." *Id.*

The Motion states that "Mr. Wisler is eligible for admission to this Court and is admitted, practicing, and in good standing as a member of the Bars of the States of Delaware of New Jersey, that neither the amount in controversy nor the importance of the matter raised in the Motion for Relief justify double employment, and that Counsel has not practiced previously in this Court." In her objection, the Bankruptcy Administrator argues neither the Motion nor the Motion for Relief state the amount in controversy; therefore it is not possible to determine if the amount in controversy does not justify employment of double counsel. Additionally, she argues that it appears as if local counsel is needed as the Order Granting the Motion fails to comply with the Court's procedures for formatting and uploading proposed orders.

The court agrees with the Bankruptcy Administrator. Accordingly, the Motion is **DENIED** without prejudice to Mr. Wisler applying for pro hac vice admission after associating with local counsel.

**SO ORDERED**.

This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order.

United States Bankruptcy Court